UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| | ) No. 4:15 CR 535 RLW |
| ADAM M. REYNOLDS, | ) |
| Defendant. | ) |

## DETENTION ORDER

This action came before the court on January 7, 2016, for a hearing on the motion (Doc. 5) of the United States that defendant Adam M. Reynolds be detained under the Bail Reform Act of 1984, 18 U.S.C. § 3142.

Defendant Reynolds is charged by indictment with two counts of sexual exploitation of a child (Counts 1 and 2) (between June 22 and July 12, 2014, and between June 16 and July 10, 2014, respectively), in violation of 18 U.S.C. § 2251(a) and (e); and with two counts of receiving child pornography (Counts 3 and 4) (on July 10 and 16, 2014, and on June 17 and July 15, 2014, respectively), in violation of 18 U.S.C. § 2252A(a)(2) and (b)(1). Conviction on Counts 1 or 2 carries a statutory maximum penalty that includes imprisonment for not less than 15 years; Counts 3 and 4 each not less than 5 years.   These potential penalties are substantial inducements for flight.

The Bail Reform Act places upon the government a substantial burden of proof regarding whether a person should be detained.

> Only if the government shows by clear and convincing evidence that no release condition or set of conditions will *reasonably assure* the safety of the community and by a preponderance of the evidence that no condition or set of conditions under subsection (c) [of 18 U.S.C. § 3142] will *reasonably assure* the defendant's appearance can a defendant be detained before trial.

United States v. Kisling, 334 F.3d 734, 735 (8th Cir. 2003) (quoting United States v. Orta, 760 F.2d 887, 891 & n. 20 (8th Cir. 1985) (en banc)).

However, the government's case is aided by a rebuttable presumption.   The Bail Reform Act provides:

> Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed --  . . . an offense involving a minor victim under section 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2251(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425 . . . .

18 U.S.C. § 3142(e)(3)(E).  Such is this case, because the grand jury of this court found probable cause to believe that defendant violated §§ 2251 and 2252A.

In response to the presumption, the burden is upon the defendant to produce some evidence that there are conditions of release which will reasonably assure that he will not pose a danger to the community and will not flee.  <u>United States v. Abad</u>, 350 F.3d 793, 797 (8th Cir. 2003).  If the defendant produces such evidence, the statutory presumption does not entirely disappear. Rather, the court must consider Congress's finding that violators of the listed statutes pose special risks of flight and a danger to the community.  Throughout all, the government retains the burden of proof described above.  <u>Id.</u>  And the defendant retains the constitutional presumption of innocence.  18 U.S.C. § 3142(j).

At the detention hearing, the parties had no substantial disagreement with the facts set forth in the written report of the pretrial services officer, filed January 7, 2016.  (Doc. 9.)  Therefore, the court hereby adopts and incorporates by reference into this detention order the facts set forth in this report.

Defendant Reynolds is 24 years of age.  He was born in this district and has lived in this area all his life.  He currently resides alone in an apartment rented by his mother.  Defendant and his stepfather do not get along.  He is unmarried, has no children, and is employed only 2 hours per week.  He also performs odd jobs for relatives.  He obtained a GED in 2008 and attended one year of college.  He has been diagnosed with depression.  He has used alcohol and marijuana.

Defendant has no criminal conviction.  However, in July 2014, defendant was arrested by state authorities for offenses related to the instant federal charges.  And defendant was investigated, without arrest or conviction, in 2011 for similar criminal behavior.

The undersigned finds and concludes that defendant has not rebutted the statutory presumption for detention.  No suitable plan has been submitted to the court for sustaining him in the community with sufficient controls to protect the community from further violations of the

laws with which he is currently charged.   Therefore, the undersigned finds that the release of defendant Adam M. Reynolds upon his own recognizance, an unsecured appearance bond, any condition of release, or any combination of conditions of release will reasonably assure the court that defendant will not flee or will not be a danger to the community by continuing to violate the child pornography laws.   18 U.S.C. § 3142(b), (c).

Therefore,

**IT IS HEREBY ORDERED** that the motion of the United States for the pretrial detention of defendant Adam M. Reynolds (Doc. 5) is sustained.   Defendant is committed to the custody of the Marshals Service until further order.

**IT IS FURTHER ORDERED** that defendant be confined in a corrections facility, separate, to the extent practicable, from persons awaiting trial, serving sentences, or being held in custody pending appeal.

**IT IS FURTHER ORDERED** that defendant be allowed reasonable opportunity for consultation with counsel.

**IT IS FURTHER ORDERED** that on order of a court of the United States or on request of an attorney for the United States, the person in charge of the corrections facility in which defendant is confined must deliver defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

                                                           **/S/     David D. Noce**
                                                    **UNITED STATES MAGISTRATE JUDGE**

Signed on January 11, 2016.